991 F.2d 810
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Jochen BLECHER and Berthold Lagenstein.
 No. 92-1423.
 United States Court of Appeals, Federal Circuit.
 March 17, 1993.
 
 Before RICH, MAYER and LOURIE, Circuit Judges.
 DECISION
 LOURIE, Circuit Judge.
 
 
 1
 Applicants Jochen Blecher and Berthold Lagenstein appeal from the April 27, 1992 decision of the United States Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences affirming the examiner's rejection of claims 26 and 29-40 of application Serial No. 07/590,168 as being unpatentable on the ground of obviousness under 35 U.S.C. § 103 (1988). We affirm-in-part, reverse-in-part, and remand.
 
 DISCUSSION
 
 2
 The claims of the application at issue are directed to a "Machine Dishwashing Process" particularly suited for use in a single tank, multitank, or conveyor-type machine. The application generally discloses a dishwashing process wherein a highly concentrated aqueous cleaning formulation is applied onto soiled dishware and allowed to soak for a specific period of time before being removed in a subsequent rinsing stage. The process is performed as a complement to the conventional wash cycle and is used to facilitate the removal of soil and stains from the dishware.
 
 
 3
 Independent claim 26 recites a machine dishwashing process that uses a highly alkaline detergent composition having a concentration of at least 0.5% to 30% by weight of active alkaline detergent ingredient. In the claimed process, the alkaline detergent is applied during the wash cycle at a low volume, a low intensity, and a low temperature. The detergent is then allowed to stay in contact with the dishware for an uninterrupted period of 2 to 100 seconds to allow for softening of the soil. The detergent and soil are subsequently removed from the dishware during a rinse cycle. Claims 29-38 depend from claim 26 and recite further limitations on the claimed process.[1]
 
 
 4
 Claim 39, an independent claim written in Jepson form, discloses an improved machine dishwashing process in which a highly alkaline detergent is "misted" onto the dishware, allowing the detergent to be evenly distributed over and placed in contact with the dishware for softening of the soil prior to the rinse cycle. Independent claim 40, also written in Jepson form, requires that the washing stage be complemented by soil-softening steps that include applying a highly alkaline detergent to the dishware and allowing for a period of uninterrupted contact of a defined duration between the detergent and the soil before the final rinse.
 
 
 5
 The Board affirmed the examiner's final rejection of claims 26 and 29-40 under 35 U.S.C. § 103 as being obvious over U.S. Patent 4,624,713 to Morganson et al. or U.S. Patent 4,561,904 to Eberhardt. As to claim 26, the Board concluded that there was "little distinction between the process defined by claim 26 and that which was conventionally performed by prior art processes." The Board determined that in a conventional dishwashing machine, a time lag necessarily occurred during the change-over from the wash cycle to the rinse cycle that would allow the detergent to contact the dishware without interruption for at least two seconds before being removed in the rinse cycle. Regarding the claimed range of detergent concentration, the Board found that "it would have been within the skill of the artisan to adjust the concentration of detergent in accordance with the degree of cleansing required."
 
 
 6
 With respect to the limitation of claim 39 requiring the "misting" of the alkaline detergent onto the dishware, the Board agreed with the examiner's finding that "mist formation can not be avoided when liquids are sprayed on a surface," as was disclosed in the prior art dishwashers. Moreover, the Board concluded that the method of applying the detergent, whether it be sprayed or misted, would have been "a matter of obvious choice for the skilled artisan." Regarding claim 40, the Board determined that the use of a "pre-soak" step that facilitated the removal of stubborn soil or stains as a complement to the normal wash cycle was known in the art and would have been obvious to the skilled artisan.
 
 
 7
 Obviousness under 35 U.S.C. § 103 is a conclusion of law to be determined from the facts. In re De Blauwe, 736 F.2d 699, 703, 222 USPQ 191, 195 (Fed.Cir.1984). While we review an obviousness determination by the Board de novo, we review the underlying factual findings for clear error. In re Woodruff, 919 F.2d 1575, 1577, 16 USPQ2d 1934, 1935 (Fed.Cir.1990).
 
 Claims 26 and 40
 
 8
 Applicants argue that neither the Morganson reference nor the Eberhardt reference teaches the concentration of alkaline detergent used in the claimed dishwashing process and neither teaches a complementary step of applying a highly concentrated alkaline detergent onto dishware and allowing the detergent to remain in contact with the dishware for a certain duration to allow for softening of the soil prior to the rinse stage. They maintain that by failing to teach these limitations, the prior art references would not have rendered the claimed invention obvious. We disagree.
 
 
 9
 "[T]he inquiry is not whether each element existed in the prior art, but whether the prior art made obvious the invention as a whole...." Hartness Int'l, Inc. v. Simplimatic Eng'g Co., 819 F.2d 1100, 1108, 2 USPQ2d 1826, 1832 (Fed.Cir.1987). A prior art reference must be evaluated for all it fairly suggests to one of ordinary skill in the art. See In re Boe, 355 F.2d 961, 965, 148 USPQ 507, 510 (CCPA 1966). Although neither Eberhardt nor Morganson expressly teaches all the specific limitations of the processes of claims 26 and 40, we conclude that the references suggest the claimed process defined in claims 26 and 40 as a whole. Thus, we agree with the Board that claims 26, 29-38, and 40 would have been obvious in light of the cited prior art.
 
 Claim 39
 
 10
 In affirming the rejection of claim 39, the Board concurred with the finding of the examiner that misting would necessarily and inherently occur when liquid is sprayed onto dishware, as disclosed in Eberhardt. In the claimed process, the highly concentrated alkaline detergent is misted onto the dishware at a low volume, a low intensity, and a low temperature. The step of misting in such a manner allows for an even distribution of the detergent over the dishware. The misting step does not achieve the removal of the soil itself, but facilitates the removal of the soil by insuring contact and adherence of the detergent with the dishware prior to subsequent cleaning stages.
 
 
 11
 Eberhardt, in contrast, teaches that in a prewash chamber, the dishware is subjected to sprays of liquid from upper and lower manifolds, which "function to flush heavier soil from the ware." Col. 5, line 52. Because one would reasonably expect that such flushing is achieved by sprays of high volume and high intensity, Eberhardt teaches away from "misting" as that term is described in claim 39. What Eberhardt teaches and whether it teaches toward or away from the claimed invention are questions of fact. See Raytheon Co. v. Roper Corp., 724 F.2d 951, 960-61, 220 USPQ 592, 599-600 (Fed.Cir.1983), cert. denied, 469 U.S. 835 (1984). We conclude that the Board clearly erred in determining that Eberhardt taught the use of "misting" as described in claim 39.
 
 
 12
 In the absence of any teaching or suggestion of misting in the prior art, the PTO relies on common knowledge to support the Board's rejection of claim 39. The PTO argues that common knowledge and common sense would have motivated the skilled artisan to soak soiled dishware with detergent for a period of time prior to cleaning as an expedient to removing the soil from the dishware. The PTO contends that based upon such common knowledge and common sense, the use of misting to effect even distribution of the detergent over the dishware would have been obvious.
 
 
 13
 The PTO relies on In re Bozek, 416 F.2d 1385, 163 USPQ 545 (CCPA 1969), in support of its contention that the misting of claim 39 would have been obvious from common knowledge or common sense. In In re Bozek, our predecessor court stated that the requisite motivation to modify a prior art reference to establish obviousness may come "from common knowledge and common sense of the person of ordinary skill in the art without any specific hint or suggestion" in the reference. Id. at 1390, 163 USPQ at 549. However, in order for a conclusion of obviousness to be made from the common knowledge of the skilled artisan, it must be established that "this knowledge was in the art." Id. In the instant case, the step of misting detergent onto dishware prior to cleaning to facilitate the removal of soil has not been established to have been sufficiently known in the art to be considered "common knowledge." Although applicants concede that the use of a "manual pre-soak" treatment was known to assist in the removal of stubborn soil and stains, that does not establish that the step of misting detergent onto dishware, as described in claim 39, was known in the art. Because neither the cited prior art nor common knowledge of the skilled artisan would have rendered the claimed invention obvious, we reverse the Board's decision affirming the examiner's rejection of claim 39.
 
 
 14
 After filing their appeal, applicants brought to our attention the existence of newly discovered prior art[2] that they consider may be material to the examination of their application, particularly with respect to claim 39. Although we reverse the Board's obviousness rejection of claim 39 in view of the administrative record before us, we remand the case to the PTO for further examination of that claim in consideration of the newly-cited art. See In re Blecher, No. 92-1423 (Fed.Cir. March 16, 1993) (order granting applicants' motion to remand for further examination).
 
 
 
 [1]
 Pursuant to applicants' grouping of claims, claims 26 and 29-38 stand or fall together. 37 C.F.R. § 1.192(c)(5) (1992)
 2 U.S. Patents 3,549,294 and 2,385,264, and British Patent 1,178,197.